### WESLEY MFG. CO. v. BENSON.

(Circuit Court, W. D. Pennsylvania. February 25, 1898.)

PATENTS—INFRINGEMENT—CHECK PROTECTORS.
  The Ongley patent, No. 584,518, for improvements in check protectors, *held* infringed, as to the fourth claim, by a device consisting of the same combination of parts, and accomplishing the same result by the same method of operation, notwithstanding certain slight and colorable alterations.

This was a suit in equity by the Wesley Manufacturing Company against John B. Benson, trading as the Benson Manufacturing & Novelty Company, for alleged infringement of a patent. The cause was heard on motion for a preliminary injunction.

Bakewell & Bakewell, for complainant.
James C. Boyce, for defendant.

ACHESON, Circuit Judge. The plaintiff, to whom, as assignee of C. E. Ongley, letters patent No. 584,518, dated June 15, 1897, for improvements in check protectors, were granted, seeks a preliminary injunction to restrain infringement by the defendant. It is alleged that the defendant has been selling a check protector which infringed the second, fourth, and fifth claims of the patent. For the present purpose it is sufficient to quote a single one of these claims, namely, the fourth claim, which is perhaps the broadest of all. That claim reads thus:

"(4) In a check protector, the combination with a rotary head, carrying perforating needles, and capable of vertical movement, of a feeding device consisting of a ratchet wheel and a pivoted arm capable of lateral and vertical motion to engage and disengage the ratchet teeth, and a spring for drawing the arm into engagement with the ratchet teeth, said arm being actuated directly by the rotary head to rotate the feed wheel, substantially as set forth."

Before the filing of the present bill the circuit court of the United States for the Eastern district of New York, in a suit brought upon this patent by the Wesley Manufacturing Company (the present plaintiff) against William J. Coulson, granted a preliminary injunction against the latter to restrain infringement of the patent. The check protectors here complained of as sold by the defendant were manufactured by William J. Coulson, and since he was put under injunction were furnished by him to the defendant, who has acted throughout with knowledge of the injunction in the Second circuit. In the form in which these check protectors were originally made, they undoubtedly infringed the fourth claim of the patent; and this

is not denied. It appears, however, that Coulson has since made a slight alteration in the feeding device; and this alteration, it is claimed, takes his protector out of the plaintiff's patent, and avoids infringement. The change so made is this: Coulson has chipped the rear end of the lever or arm, through which a pivotal connection with the underside of the base of the protector was effected, and has pivotally connected the lever or arm to the lower end of the stem of the rotary head. This alteration, however, leaves the lever or arm still capable of sufficient lateral play to engage and disengage the ratchet teeth. The lateral motion of which the arm is capable in its changed position is enough to secure the desired end, even if it be less free than in the Ongley check protector. We find, then, in the check protector sold by the defendant, the precise combination of parts specified in, and covered by, the fourth claim of the patent. Moreover, in method of operation and in result Coulson's changed device is identical with the device described in the specification of the patent, and illustrated by the annexed drawings. In principle, there is no difference whatever. The alteration which Coulson has made is formal and immaterial. He has simply changed the point of pivotal connection of the lever or arm from the underside of the base proper to the lower end of the stem, without any change whatever either in function, mode of action, or result. The change is colorable, and ineffectual to evade the patent. Coulson's apparatus, in its altered state, is as clearly within the scope of the fourth claim of the patent as it was before the change was made. On behalf of the defendant, indeed, much is said about the statement, "the lever being operated vertically by gravity." But this statement is found in the first claim of the patent, and not elsewhere. The specification itself describes the vertical operation to move the lever or arm downward as effected by pressure applied to the knob of the stem. If the action of gravity is present as an aid to downward movement in the Ongley apparatus, it is also present in Coulson's changed device. Vertical drop by gravity, however, is not an essential or material feature of the invention, and certainly it does not at all enter into the fourth claim of the patent. I have examined with care the prior patents recited in the defendant's affidavit, and relied on by him to defeat this motion. I do not find the Ongley invention in any of them. It was original with Ongley to move the ratchet wheel by a single arm or lever actuated directly by the rotary head; the arm or lever having both a vertical and lateral motion. That the fourth claim of the patent is valid, and that it is infringed by the check protector which the defendant has been selling, seem to me to be entirely clear. A preliminary injunction will therefore be granted.